# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: February 1, 2017)
No. 16-162V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEBRA BYRD, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Guillain-Barre Syndrome |
| v. | * | ("GBS"); Influenza ("Flu") |
| | * | Vaccine. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Edwin Howard, Bonville & Howard, Fitchburg, MA, for petitioner.*
*Debra Begley, US Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On June 4, 2014, Debra Byrd ["Ms. Byrd," or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccination on February 5, 2013. *See* Stipulation, filed February 1, 2017, at ¶¶ 1-4.  Respondent denies that the influenza immunization caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On February 1, 2017, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payments:

1. **A lump sum of $185,000.00 in the form of a check payable to petitioner, Debra Byrd.** This amount represents compensation for all damages that would be available under § 300aa-15(a); and

2. **A lump sum of $39,000.00 in form of a check payable jointly to petitioner and petitioner's counsel, Edwin Howard**, for reasonable attorneys' fees and costs, and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner.[3]

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
*************************************
DEBRA BYRD,                         *
                                    *
              Petitioner,           *        No. 16-162V
                                    *        SPECIAL MASTER
v.                                  *        MINDY MICHAELS ROTH
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES,                     *
                                    *
              Respondent.           *
*************************************
```

STIPULATION

The parties hereby stipulate to the following matters:

1.      Petitioner filed a petition for vaccine compensation under the National Vaccine

Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").  The

petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza

vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3

(a).

2.      Petitioner received an influenza immunization on February 5, 2013.

3.      This vaccine was administered within the United States.

4.      Petitioner alleges that she developed Guillain Barré Syndrome ("GBS") that was

caused-in-fact by her influenza vaccination, and that she has experienced residual effects of this

injury for more than six months.

5.      Petitioner represents that there has been no prior award or settlement of a civil

action for damages on her behalf as a result of her condition.

6.      Respondent denies that petitioner's alleged GBS, or any other condition, was

caused in fact by her flu vaccination.

7.     Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.     As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.     A lump sum of $185,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b.     A lump sum of $39,000.00, in the form of a check payable jointly to petitioner and petitioner's attorney, Edwin Howard of Bonville & Howard law firm, for reasonable attorneys' +fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10.     Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation

2

will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12.     In return for the payments described in paragraph 8, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, an influenza vaccination administered on February 5, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about February 3, 2016, in the United States Court of Federal Claims as petition No. 16-162V.

13.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do

any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's alleged GBS, or any other condition, was caused in fact by her influenza vaccination.

17.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONER:

DEBRA BYRD

ATTORNEY OF RECORD FOR
PETITIONER:

EDWIN H. HOWARD
Bonville & Howard
154 Prichard Street
Fitchburg, MA 01420
(978) 345-4144

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director
Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

Dated: 1/31/20A

5